IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DANIEL HARRIS,

        Plaintiff,

    v.

PEACEHEALTH,

        Defendant.

Civ. No. 6:22-cv-01151-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant Peacehealth. ECF No. 10. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the Motion is GRANTED and the Complaint is DISMISSED with leave to amend.

**LEGAL STANDARD**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

At all relevant times, Plaintiff Daniel Harris was employed by G4S Secure Solutions as a Customs Protection Officer. Compl. ¶ 5. Beginning on May 18, 2021, Plaintiff was contracted to provide security services at the PeaceHealth Springfield Hospital, which is operated by Defendant PeaceHealth. *Id*.

During the period where Plaintiff was providing security at the hospital, the COVID-19 pandemic was underway. Compl. ¶ 7. In the summer of 2021, G4S Secure Solutions notified Plaintiff that PeaceHealth was requiring all contractors to receive the COVID-19 vaccine. *Id*. at ¶ 8. Plaintiff "was informed that PeaceHealth would not allow any contractors who were unvaccinated to enter the PeaceHealth premises, without exception." *Id*.

Plaintiff did not believe that it would be consistent with his religious beliefs to take the COVID-19 vaccine and declined to receive the vaccine. Compl. ¶ 8. Plaintiff applied for a religious exemption to the vaccine requirement in mid-August 2021. *Id*. at ¶ 9. Plaintiff was placed on unpaid administrative leave on August 31, 2021. *Id*. Plaintiff alleges that PeaceHealth placed him on leave, but also alleges that "Plaintiff received no information directly from PeaceHealth." *Id*. Plaintiff believes that he

was placed on unpaid leave "based on his sincerely held religious beliefs" and in "retaliation for expressing those beliefs." *Id.* at ¶ 13. This action followed.

## DISCUSSION

Plaintiff brings claims for (1) unlawful employment discrimination based on religion in violation of ORS 659A.030(1)(a); and (2) unlawful discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*

PeaceHealth moves to dismiss both claims on the basis that it was not Plaintiff's employer within the meaning of either Title VII or Oregon employment discrimination statutes. As noted, Plaintiff does not allege that he was directly employed by PeaceHealth and instead alleges that he was employed by G4S Secure Solutions. Compl. ¶ 5. This motion will therefore turn on whether Plaintiff has plausibly alleged that PeaceHealth was his joint or indirect employer.

### I.    Title VII

Under Title VII, it is an unlawful employment practice for an employer to refuse to hire, discharge, or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of that individual's religion. 42 U.S.C. § 2000e-2(a). "Under Title VII, an entity can be held liable for discrimination if it is an 'employer' of the plaintiff." *U.S. Equal Employment Opportunity Commission v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). The term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a

person." 42 U.S.C. § 2000e(b). "Employee," is defined, more than somewhat circularly, as "an individual employed by an employer." 42 U.S.C. § 2000e(f).

As discussed, PeaceHealth is not alleged to have been Plaintiff's direct employer, as Plaintiff's direct employer was G4S Secure Solutions. It is "well-settled," however, "that an individual can have more than one employer for Title VII purposes. *Global Horizons*, 915 F.3d at 637. "The law recognizes that two entities may simultaneously share control over the terms and conditions of employment, such that both should be liable for discrimination relating to those terms and conditions," and the "two entities in such circumstances are deemed to be joint employers of the employees in question." *Id.*

In determining whether an entity is a joint employer of a particular individual, the Ninth Circuit has held that "the principal guidepost is the element of control—that is, the extent of control that one may exercise over the details of the work of the other." *Global Horizons*, 915 F.3d at 638 (internal quotation marks and citation omitted). The Ninth Circuit endorsed a "non-exhaustive list of factors to consider when analyzing whether the requisite control exists." *Id.* These include: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's roll in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in

business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. *Id.*

Read in the light most favorable to Plaintiff, and drawing all reasonable inferences in his favor, the Complaint alleges that Plaintiff was contracted, through his direct employer, to provide security at a PeaceHealth hospital for a little more than three months and that he, along with all other hospital contractors, were required to receive the COVID-19 vaccine in order to continue working at the hospital. This falls far short of establishing the requisite degree of control necessary to show that PeaceHealth was Plaintiff's joint employer for purposes of Title VII. As an employer-employee relationship is essential to the Title VII claim, PeaceHealth's motion to dismiss is granted and this claim is dismissed.

## II. ORS 659A.030

Like Title VII, Oregon law prohibits "an employer" to discriminate against employee on the basis of religion, as well as on the basis of other protected characteristics. ORS 659A.030(1). Like Title VII, a claim under ORS 659A.030(1)(a) may be brought only against the plaintiff's employer. *Duke v. F.M.K. Const. Servs., Inc.*, 739 F. Supp.2d 1296, 1306 (D. Or. 2010); *see also Reyna v. City of Portland*, No. 02-980-JO, 2005 WL 708344, at *7 (D. Or. Mar. 23, 2005) (dismissing claims under ORS 659A.030 because such claims may only be alleged against the plaintiff's employer).

Courts within this District have held that "Chapter 659A does not, but its statutory text or context or its interpretation to date, prohibit a plaintiff from alleging

that two companies have sufficient control over an employee to be held liable under a 'joint employer' theory." *Malcomson v. Dailmer N. Am. Corp.*, Case No. 3:15-cv-02407-SB, 2016 WL 5867056, at *4 (D. Or. Aug. 3, 2016). "Under Oregon law, courts determine whether the plaintiff is an 'employee' entitled to the protections of civil rights statutes by applying the 'right to control' test." *Grove City Veterinary Serv., LLC v. Charter Practices Int'l, LLC*, No. 3:13-cv-02276-AC, 2016 WL 8731781, at *13 (D. Or. Feb. 5, 2016). "Under this test, the court considers four factors: (1) whether there is direct evidence of the right to, or exercise of, control; (2) the furnishing of tools and equipment; (3) the method of payment; and (4) the right to fire." *Id.* (citing *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1042 (9th Cir. 2014)).

Plaintiff did not substantively respond to PeaceHealth's motion with respect to his claim under ORS 659A.030. As with Plaintiff's claim under Title VII, the Court concludes that, even read in the light most favorable to Plaintiff, the Complaint does not sufficiently allege that PeaceHealth was Plaintiff's employer for purposes of a claim under ORS 659A.030.

### III. Leave to Amend

In his Response, Plaintiff requests leave to amend the complaint should the Court determine that dismissal is appropriate. Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the

opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 200) (en banc) (internal quotation marks and citation omitted).

Here, PeaceHealth asserts that leave to amend would be futile because, even in his request for leave to amend, Plaintiff identifies no additional facts that would salvage his claims. While the Court acknowledges PeaceHealth's point, it is possible that Plaintiff's claims could be made viable by the allegation of additional facts. In addition, the Court notes that the Ninth Circuit has instructed district courts to be liberal in granting leave to amend, particularly when the complaint has not previously been amended. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2014) (holding that the court's discretion to deny leave to amend is particularly broad when the plaintiff has previously amended the complaint). Dismissal shall therefore be with leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 10, is GRANTED and the Complaint is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint.

It is so ORDERED and DATED this ___28th___ day of September 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge